Avery, J.,
dissenting. All the facts of this case, so far as made known to the court, are found briefly stated in the petition and answer. From them it appears that the fund commissioners of Miami county obtained a decree on their mortgage, in the court of common pleas of the county, at the May term of the court, 1842, against Jonah Taylor and the present petitioner, then bis wife. Pursuant to this decree, the land was appraised and advertised, and was afterwards offered at public sale, for the satisfaction of the mortgage debt; but how often, or when last offered, is not stated The officer made return, *572 that the land was unsold for the want of bidders. At some subsequent term, but at what term does not appear, a judgment was recovered against the said Jonah Taylor, on the law side of the same court of common pleas-, in favor of John Sloan, Under an execution from this last named judgment, a sale of the land was effected; but when at the following term the sale was reported for confirmation, the court ordered the proceeds to be first applied to the discharge of the mortgage lien, and the balance, being only about sixty dollars, to be credited upon the judgment.
The sheriff, who, according to the statute, is a proper officer of the court to make sale of land in cases occurring either in equity or law, is required to proceed, both under a decree in chancery and a judgment at law, in precisely the same manner, to cause the premises, in either case; to be appraised by three -disinterested freeholders, who, upon actual view, make and return to him, under oath, and under hand and seal, an estimate of their value in money; but without taking notice, in either ■case, of any supposed or real incumbrance. He is to proceed, by virtue of the order or execution, to advertise the land, and afterwards to offer it for sale, but is not at liberty to sell at less than two-thirds of the appraised value. In the case under consideration, therefore, whether acting in pursuance of the decree or the judgment, the duty of the appraisers was the same, and the bid of the purchaser must, in either case, have been at least equal to two-thirds of the appraised value.
When the court were asked, at the return term, to confirm the proceedings, they seem to have regarded the sale of the land as upon a full consideration, and as passing all the title, of mortgagee as well as mortgagor. For they proceeded to determine the liens upon the proceeds of sale, and applied to the claim of the fund commissioners (as if the decree upon their docket bound the entire premises) nearly the whole amount of the money, at least the full sum that was found necessary for the discharge of that lien — leaving but a trifle to ■be paid upon the judgment at law. To this course the fund *573 commissioners indeed could have no reason to object, because-provision was made for the payment of their demand in full. But why Taylor did not set up a claim, that nothing but the equity of redemption had been sold, and therefore that no part of the money brought into court ought tó be taken to extinguish the mortgage lien; or why Sloan did not, for the same reason, insist upon applying the proceeds to the satisfaction of Ms judgment, is not stated any where in the case.. Perhaps an attempt .of the kind, being contrary to the apparent understanding of the parties, would have given rise to a motion in behalf of the purchaser (the present defendant) for setting aside, instead of confirming the sale — and thus have left the land to-be again offered, either upon process under the decree above, or under both the decree and judgment.
Whatever result might have followed, if opposition had been made at the time, no objection, by either one of the parties interested, appears, in fact, to have been taken to the determination of the court. It was the understanding, probably, that the land had been sold at its full value; that the purchaser had the benefit of extinguishing, by means of the proceeds, the mortgage lien, and the mortgagor of applying the value of his equity of redemption, and that only, in part payment of another of his debts. There is nothing in the case to show, that the sale was for a less sum than the full value of the land, without incumbrance, nor to indicate the possibility of a different result, had the offer of sale been made under the decree instead of the judgment. If it had been so offered, the purchaser, without dispute, would then have held the land free from incumbrance of any kind; the husband, too, would have received all the benefit of the equity of redemption, leaving nothing on which a future dower claim could rest. Had the husband died before a sale, since the wife, under our law, takes dower in such case, (as indeed she does in all the husband’s equities in land, existing at the time of his death,) she would have had her dower, but only in the equity of redemption — in this case, an interest *574 for life in one-third part of the sixty dollars, the proceeds of the equity.
It does not appear that the fund commissioners ever aban doned their claim upon the land, until they obtained full payment ; on the contrary, they had converted their mortgage into a higher security — a decree in chancery binding the land— and had proceeded to take out orders to sell it; and indeed it is not affirmatively shown, that there was no such order in the hands of the sheriff, at the time of the sale, though the probable inference is the other way, since the land is reported as sold on the execution at law.
There is no difficulty in determining where lies the clear justice of this case, though there may be, it is conceded, in settling upon the correct principles by which it is to be reached. It seems to be acknowledged, that no question like the present has ever before been submitted to this court. Nor is any authority found, going far enough to sustain the principles which have been adopted by a majority of the court to govern the ease, and which may prove hereafter, as well as now, to operate injuriously.
It may be admitted, as a general rule, that an execution issued upon a common judgment, when levied upon mortgaged premises, can sell only the equity of redemption; and that, to pass the whole title, it is usual, to sell under the decree upon the mortgage. But the rule cannot be held, I think, to be inflexible ; and the present might be supposed a proper case to support the position. The court of common pleas, having up on its docket a decree in chancery, ordering the sale, and also a judgment at law, which was a subsequent lien upon the land, treated the sale as if made under the decree, and applied the proceeds to the satisfaction of the decree; and this was done without any objection, so far as the evidence shows, from parties who must have had a much greater interest, apparently, to prevent such action of the court, than any which could be supposed. to exist in the petitioner. Is this whole proceeding of the court, touching the judgment upon its docket, under the *575 circumstances, as they appear, and with the parties before them, to be regarded as of no effect whatever, and void — as passing no interest but the equity of redemption ? The wife had consented, by joining with her husband in the mortgage deed, that the loan from the fund commissioners should be a charge upon the land, to be fully paid, if the commissioners so desired, out of the land itself. Now., in point of fact, the loan was paid off with the proceeds of the sale of the land. For whose benefit was this done ? Was it to re-invest the husband with any title or interest in the land, or to secure to him the payment of the mortgage debt or any part of it ? The husband made no such claim, but suffered the payment to inure to the benefit of the purchaser and for his use, to extinguish the mortgage debt.
But though the husband, in his lifetime, never suspected that, by force of the proceedings, he had become assignee of the mortgagee, or that any interest remained in him after the sale; yet the petitioner, since his death, and as his widow, claims a right to take from the purchaser, one third of the land, and hold it during her lifetime. By what rule of law, as applicable to the case, can this demand be upheld ?
I suppose it to be now established, by the more recent decisions of this court, as between the parties to a mortgage, after forfeiture, or condition broken, that mortgagees have the legal itle to the land, and mortgagors only an equity — the equity of redemption. In Rands and wife v. Kendall, (15 Ohio Rep. 671,) the husband mortgaged before marriage, and afterwards, during the marriage, conveyed the equity of redemption by his deed alone — the execution by the wife being treated by the jourt as of no validity. The widow was in that case not allowed her dower; the court saying that, to entitle her to dow er, it was necessary that the husband should have been seized of a legal estate of inheritance, during coverture, or of an equitable interest at the time of his death.
In the case now under consideration, after the condition of the mortgage was broken, was there any seizin in the husband ? Was not the mortgagor’s interest a mere equity cf redemption, *576 and all the legal estate then vested in the mortgagee ? If so, when after that period was there a seizin of the husband, or a re-vesting of the estate, so as to support the claim of dower ? I confess I cannot see any principle, according to which dower must be declared necessarily to attach.
Amongst the cases examined, there is one, decided by a court always held in respect, which appears to me to be very much in point, and an authority against the present demand of dower. The case is in the 8th Mass. Rep. 491, (Mary Hopkin v. Jeremiah Bumstead.) As it appears by the plea, on the 30th of April, 1806, Thomas Hopkin and his wife, the said Mary, mortgaged the premises to one Thomas Capen, for 3,000 dollars. Capen entered and became seized. After the death of the husband, the mortgagor died, and on the 9th of Nov., 1807, an administrator of his estate was appointed, who obtained from the court a license for the purpose, and sold the equity of redemption. This equity passed afterwards by conveyance, to Bumstead, the defendant. As the mortgage debt had not been paid, either by the mortgagor or by his administrator, Bumstead himself, on the 19th of September, 1810, paid the whole of it to Capen, the mortgagee. The widow, in her replication to this plea, stated, that, on the 19th of September, 1810, the mortgagee, having received payment of all the sums due on the mortgage, repaired to the office of the register of deeds, acknowledged in the margin of the record of said mortgage deed, full satisfaction and payment, quit-claimed all his right to the premises, and signed the discharge, and acknowl edgment; and that thereupon the mortgage deed was canceled and discharged, according to the law in such case provided.
It was contended there, upon the facts stated, that the title to dower had revived; but the court said, it would be singular, if the tenant, by paying the mortgage debt, to extinguish the only incumbrance known to him to exist, should, by that act, revive the claim to dower, which, as he was under no obligation, it could not be presumed he meant to do. And the court proceed to say, that the facts produce no such absurdity. When *577 the tenant purchased the equity of redemption, it belonged to him to pay the money due on the mortgage, and thus rid his^ estate of that incumbrance. Having all the equitable interest in himself, when he had paid the money due by the mortgage, the legal estate followed the equitable interest, and he became seized of the whole fee simple. If this were not the plain, legal operation of the transaction, the law would construe the discharge of the mortgage by the mortgagee, a release of the-legal title by him to the tenant, who had become. lawfully possessed of the equitable interest, and from whom the consideration for that discharge flowed, rather than such a mischief should, follow; and the replication was adjudged bad.
In the case now before the court, the payment of the mortgage debt — not much less than the whole value of the land— was, in effect, made by the purchaser, and should operate,, therefore, in equity, to pass to him the mortgagee’s claim.
As the husband and wife have power, by their mortgage, to create an incumbrance, by means of which all the legal estate in the land may ultimately pass, I see no reason for holding, that the payment of the mortgage debt shall necessarily, in every case, extinguish the incumbrance, so as to revive the right of dower; or to decide that the remainder, after the legal title-has vested in'the mortgagee, can be made to pass in one mode; of proceeding only, to wit: by sale under a decree upon the mortgage. Indeed, this court has already decided that the widow’s right of dower may be extinguished in a case where-the sale was not effected by a proceeding upon the mortgage. In St. Clair v. Morris, (9 Ohio Rep. 18,) it was held that the dower of the widow was extinguished in land sold by the administrator of the mortgagor, though by that propeeding the debt was satisfied. It was there claimed that a payment, in any manner, of the mortgage money, extinguished the mortgage; and that the effect of the sale by the administrator was to ex tinguish the mortgage, and by so doing, to revive the right of *578 •dower; but the court decided against the claim of the widow,, 'upon her petition for dower.
The supreme court of Massachusetts have decided another •case, upon principles in perfect harmony, as it seems to me, with those upon which they acted in the determination before referred to, in the 8th Mass. In this last case, (17 Mass. Rep. 564, Barker v. Barker and others,) cited by this court as an authority to some extent in point for their present decision, the claim of dower was resisted by the owner of the equity of redemption. The mortgagor’s equity had been sold at the suit of a creditor; after which, one who had been a tenant of the mortgagor, paid off the mortgage debt, and the mortgagee thereupon released his right to the mortgagor. There the purchaser of an equity of redemption claimed, that by the mere payment of the mortgage debt, he had become the owner of an unincumbered ’estate in fee simple, though he had neither paid, nor had any agency in paying the debt, or any part of it, and notwithstanding it had in fact been all paid by a former tenant •of the mortgagor. There was but slight equity in such a defense against the widow’s claim of dower. If the debt had been paid off by the husband, in his lifetime, or for his benefit, the owner of the equity could not, upon any just principle, be •thereby so invested with the legal title as to hold it free from the equities growing out of the payment.
The ease of Harrison v. Elridge, (2 Halstead 392,) is also referred to. That was an action at law, brought by the widow to recover dower. The mortgagees had previously instituted proceedings at law upon their claims, obtained judgment, levied execution upon the land, and sold it. The claim •of dower was resisted by the purchaser under execution, but the court allowed the widow her dower, deciding that the state ■of facts would not constitute a bar to her claim. But that case differs in its facts from the present, and lacks, as will be seen, ■several important features to be found in this. It cannot, therefore, I think, be considered an authority very much in point. *579 It was decided by the court of New Jersey, in 1801, Kinsey. C. J,, dissenting and denying the demandant’s right to dower
In our practice, authorized by express statute, instead of pursuing the remedy by a writ of dower at law, the widow files her petition in chancery, and the court on hearing, it is provided shall “ render such decree in the premises as to them shall appear just and consistent with the rights of all the parties interested therein.” On such hearing, what objection can there be to an inquiry into the transaction by which the sale was effected ? If through fraud or any improper act the wife has lost her right of dower, let the proof, as in other cases, .show the fact, and, in such case, let her be restored to all her rights. There is no pretense here that any such proof exists.
It is without doubt that the husband and wife, by their joint act and consent, placed an incumbrance upon the land. As it turned out, there was at the sale but a small sum left, after discharging the incumbrance; and the mortgagee’s claim was paid, not out of the husband’s separate funds, but by a forced sale of the land. Upon such facts, I cannot see that there is any right of dower left; at all events, the largest bona fide claim would seem to be for dower, subject to the mortgage. I think the bill should be dismissed.